# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KHALED MIAH, | ) | Case No. 4:25-cv-659 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| AMY BONCHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Khaled Miah seeks a writ of habeas corpus directing the Bureau of Prisons to determine that he is eligible for credit under the First Step Act. Respondent moves to dismiss for lack of jurisdiction, arguing that Petitioner has received the credit at issue. According to Respondent, then, the Court lacks subject matter jurisdiction over the petition because it is moot. For the reasons that follow the Court **GRANTS** Respondent's motion and **DISMISSES** the petition.

## BACKGROUND

In 2022 Khaled Miah was sentenced to a term of 72 months in prison. (ECF No. 1, PageID #4.) At the end of 2018, Congress passed the First Step Act, which significantly altered the calculation of one's sentence. Under the First Step Act, eligible individuals earn time off their sentence through credit for good conduct time and First Step Act credits. Individuals are eligible for First Step Act time credits unless, they are serving a sentence for a disqualifying offense or have a PATTERN risk assessment score above a "low" recidivism risk. While Mr. Miah has a low

PATTERN score (ECF No. 1-9, PageID #61-65), the Federal Bureau of Prisons continually denied his request for First Step Act credit eligibility, claiming his offense was a disqualifying offense.

As exhibits to his petition, Mr. Miah attaches denials of his request for First Step Act credit.  (ECF No. 1-1, PageID #19; ECF No. 1-3, PageID #23-24; ECF No.1-4, PageID #34-35; ECF No. 1-5, PageID #41.)  These denials show that Mr. Miah is serving a sentence for a disqualifying offense, so he is ineligible for First Step Act credit.  (*Id*.)  Mr. Miah, however, argues that his offense is not disqualifying under the list of enumerated offenses or serious violent felony offenses under Section 3632(d)(4)(D).  (ECF No. 1, PageID #7-10.)  He believes that the confusion stems from his ineligibility for the residential drug abuse treatment program, explaining that he thinks the Bureau of Prisons incorrectly extended the basis for Mr. Miah's ineligibility for the program to the determination of his eligibility for First Step Act credit.  (*Id*., PageID #10.)

At the time of the filing, Mr. Miah's projected release date was February 16, 2026.  (ECF No. 1-8, PageID #48.)  With First Step Act credit, he would receive roughly 316 days off his sentence, making his release date in April of 2025.  (ECF No. 1, PageID #2.)

## ANALYSIS

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts

to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  Because Petitioner appears *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

The Court can only adjudicate actual, ongoing cases or controversies.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  "The parties must continue to have a 'personal stake in the outcome' of the lawsuit," and "it is not enough that a dispute was very much alive when suit was filed."  *Id.* at 477–78 (citations omitted).  Therefore, a case is moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief."  *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).  Where the requested relief is no longer forthcoming through litigation, the Court is unable to grant it.  *Id.*  Mootness implicates jurisdiction under Article III of the United States Constitution, so the Court lacks jurisdiction where the case before it is or becomes moot.  *Id.* at 1289 n.5.

To determine whether Petitioner's claim is moot, the Court looks at whether events have occurred that render the Court unable to grant the relief Petitioner requests.  Petitioner requests the Court to order the Bureau of Prisons to declare him First Step Act eligible.  (ECF No. 1, PageID #15.)  He claims that he should receive roughly 300 days of credit under the First Step Act.  (*Id.*, PageID #14.)

In response, Respondent points out that Petitioner's argument is moot because the Bureau of Prisons released Mr. Miah on May 22, 2025. (ECF No. 8-1, PageID #88.) In support of this position, Respondent attaches the declaration of an attorney from the Bureau of Prisons and includes updated records for him. (ECF No. 8-2.) The record shows that Mr. Miah has been awarded all First Step Act credit to which he was entitled and was released from custody on May 22, 2025. (ECF No. 8-2, PageID #91–93.)

Because Petitioner has been released from the Bureau of prisons and was awarded the credit he seeks, Petitioner has received the relief he sought. Accordingly, the petition is now moot.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion (ECF No. 8) and **DISMISSES** the petition. Additionally, the Court **DENIES AS MOOT** Petitioner's motion for expedited hearing (ECF No. 4).

**SO ORDERED.**

Dated: July 31, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

4